T.C. Summary Opinion 2001-143


UNITED STATES TAX COURT


JANE ANNE JEFFRIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10063-99S.      Filed September 14, 2001.


Jane Anne Jeffries, pro se.

<u>Angelique M. Neal</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $6,337.  Respondent disallowed petitioner's deduction of $30,684 for expenses claimed on a Schedule C, Profit or Loss From Business, on the grounds that petitioner did not engage in an activity for the purpose of making a profit.  An automatic adjustment was made.

This Court must decide whether petitioner engaged in a tutoring activity for profit within the meaning of section 183.

Some of the facts in this case have been stipulated and are so found.  Petitioner resided in Los Angeles, California, at the time she filed her petition.

During 1994, petitioner was employed as a teacher with the Los Angeles Unified School District (LAUSD).  She earned wages of $54,610.  Petitioner taught at Richland Elementary School (Richland).  As a teacher at Richland, petitioner taught first grade students from January through June 1994, and third and fourth grade students from September through December 1994.

On her Federal income tax return for 1994, petitioner claimed deductions for an alleged activity she called Conversation with Connection (CWC).  In the alleged activity CWC, petitioner claimed she tutored students (not at or from Richland) about the use of computers.  The year at issue was the second year that petitioner's tax returns reflected the alleged activity called CWC.

Petitioner owned a condominium located at 410 N. Market Street, Apt. 17, Inglewood, California 90302. She alleged she operated CWC from that condominium.

During 1994, petitioner did not maintain a roster, syllabus, or any other documentation, to show who the students were who were purported clients of CWC. There was no documentation for the lessons that were allegedly taught to them. During 1994, petitioner did not maintain a log, or other documentation, of any hours she spent on CWC.

Petitioner did not obtain a business license for CWC. She did not maintain any business books and records for CWC. Petitioner did not maintain a separate business checking account for CWC. She did not advertise the services available through CWC.

Petitioner reported gross receipts and losses for CWC on her Federal individual income tax returns for the tax years 1993 through 1996 as follows:

| Tax Year | Gross Receipts Reported | Loss Claimed |
|----------|-------------------------|--------------|
| 1993 | -0- | $13,150 |
| 1994 | -0- | 30,684 |
| 1995 | -0- | 24,359 |
| 1996 | -0- | 16,291 |

Petitioner did not charge her alleged students because she said they could not afford to pay. When asked when she could make a profit, petitioner answered: "I expected to make a profit

when I could be working with people who could afford to pay for my services." She further stated: "I intended to have a business called Conversation With Connection. It will be when I retire from the school district." Petitioner is not retired from the school district.

Petitioner deducted on her Schedule C expenses which were personal expenses not deductible under section 262. She deducted moneys paid to a handyman to paint her house. She deducted moneys paid for a carpet delivered to her house. She deducted a gift (a membership in the Screen Actor's Guild) to a friend's daughter. She deducted payments to a person who repaired her personal automobile. She deducted payments for assistance during a funeral. Thus, petitioner's use of her Schedule C allowed her to claim deductions for many nondeductible personal expenses.

Section 183(a) disallows any deductions attributable to activities not engaged in for profit except as provided under section 183(b). A taxpayer need not have a reasonable expectation of profit. However, the facts and circumstances must demonstrate that he or she entered into the activity, or continued the activity, with the actual and honest objective of making a profit. Taube v. Commissioner, 88 T.C. 464, 478 (1987); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. The taxpayer's objective to make a profit must be

analyzed by looking at all the surrounding facts. <u>Dreicer v. Commissioner</u>, <u>supra</u> at 645. These facts are given greater weight than the taxpayer's mere statement of intent. <u>Id.</u>

Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of relevant factors which should be considered in determining whether the taxpayer has the requisite profit objective. The factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) any elements indicating personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs. These factors are not applicable or appropriate in every case. <u>Abramson v. Commissioner</u>, 86 T.C. 360, 371 (1986).

Petitioner did not carry on a business in a businesslike fashion. She had no books or records, no records of students, and no business plans. She had no gross receipts. She could not make a profit because she did not charge for the alleged services. She admitted that she intended to go into business

after she retired. There is no credible evidence that she spent time on this activity. Petitioner has a history of substantial losses, with no prospect for any gain. Petitioner deducted personal expenses nondeductible under section 262 on her Schedule C. Upon a review of the facts in the record, we conclude that petitioner did not engage in the CWC activity with an actual and honest objective of making a profit, and that under section 183 she is not entitled to claim the deductions in issue. Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.